UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GEROLD DAVID BURNETTE**                               **CIVIL ACTION**

**VERSUS**                                              **NO. 12-2939**

**VALERO REFINING-MERAUX LLC, et al.**                  **SECTION "G" (1)**

## ORDER AND REASONS

Before the Court is Defendant Valero Energy Corporation's ("VEC") Motion for Summary Judgment,[1] wherein VEC requests summary judgment in its favor dismissing Plaintiff Gerold David Burnette's ("Plaintiff") claims against VEC on the basis that it did not own or operate the Valero refining facility in Meraux, Louisiana. Having considered the motion, the memorandum, the opposition, the reply, the record, and the applicable law, the Court will grant the motion.

## I. Background

Plaintiff, an independent truck driver, filed this action on November 7, 2012 in the 34th Judicial District Court for the Parish of St. Bernard, against VEC and Valero Refining-Meraux LLC (collectively, "Defendants"), alleging that he was injured in the process of delivering petroleum products to a Valero refining facility in Meraux, Louisiana. On December 12, 2012, Defendants removed this action to the Eastern District of Louisiana on the basis of diversity jurisdiction, pursuant to 18 U.S.C. § 1332.[2] On February 6, 2013, Plaintiff filed an Amended Complaint.[3] On

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 1.

[3] Rec. Doc. 10.

February 20, 2013, VEC filed the instant Motion for Summary Judgment,[4] which Plaintiff opposed on March 7, 2013.[5] VEC filed a reply with leave of Court.[6] Subsequent to the filing of the instant motion, Defendants filed an Amended Answer to Plaintiff's Amended Complaint.[7]

## II.  Parties' Arguments

In support of the motion for summary judgment, VEC argues that it is an undisputed fact that VEC does not own the Valero refining facility in Meraux, Louisiana.[8] In support of its contention, VEC offers the affidavit of J. Stephen Gilbert, the Secretary of VEC.[9] Mr. Gilbert's affidavit states that "VEC is an investment holding company," which "does not own or operate any facilities[] and does not have any employees."[10] Mr. Gilbert explains that in November 2011, when the alleged incident occurred, the "Valero refining facility in Meraux, Louisiana was owned and operated by Valero Refining-Meraux LLC, a limited liability company organized under the laws of Delaware," and Valero Refining and Marketing Company ("Valero Marketing") owns all membership interest in Valero Refining-Meraux LLC ("Valero LLC").[11] Further, according to Mr. Gilbert's affidavit, Valero Marketing was a subsidiary of VEC at the time of the alleged incident.[12]

---

[4] Rec. Doc. 12.

[5] Rec. Doc. 15.

[6] Rec. Doc. 19.

[7] Rec. Doc. 21.

[8] Rec. Doc. 12-1 at p. 1.

[9] Rec. Doc. 12-2.

[10] *Id.* at p. 1.

[11] *Id.*

[12] *Id.* at p. 2.

According to VEC, this diversity action brought in Louisiana and alleging an incident in Louisiana is governed by Louisiana law, which provides that "a shareholder or member in a limited liability company cannot be held liable for the limited liability company's debts under Louisiana law."[13] VEC argues that,"a limited liability company is a corporate entity separate and distinct from its members,"[14] and [a]s such, the limited liability company's members are not liable for the limited liability company's debts and obligations.[15] Further, VEC asserts that "a member of the limited liability company is not a proper party to a proceeding against a limited liability company."[16] Therefore, VEC contends that the only proper defendant in this suit is Valero LLC, and the claim against VEC must be dismissed.

In opposition to the motion for summary judgment, Plaintiff emphasizes that, despite VEC's allegation that Valero LLC is the owner of the refining facility, nothing in the record supports that fact, because Defendants denied the allegations in Plaintiff's Complaint and Amended Complaint.[17] Further, Plaintiff argues that VEC's Statement of Uncontested Material Facts and the Declaration of J. Stephen Gilbert submitted in support of the pending motion, are insufficient grounds upon which to grant summary judgment, because the assertions are not binding on Valero LLC.[18] Therefore, Plaintiff argues "that it is simply premature to dismiss any Valero entity, including [VEC], when no Valero entity has offered proof of ownership, control or responsibitily for the accident that occurred at a Valero facility located in Meraux, Louisiana. Accordingly, Plaintiff

---

[13] Rec. Doc. 12-1 at p. 2 (citing La. C. C. art. 24; La. Rev. Stat. § 12:1303).

[14] *Id.* (citing La. C. C. art. 24; La. Rev. Stat. § 12:1303).

[15] *Id.* (citing La. Rev. Stat. § 12:1320).

[16] *Id.* at p. 2 (citing La. Rev. Stat. § 12:1320; La. C. C. 690).

[17] Rec. Doc. 15 at pp. 1-2.

[18] *Id.* at p. 3.

claims that the Court should therefore delay ruling on this motion . . . until amended answers are filed," and if Valero LLC "owns the facility where this incident is alleged to have happened, it should truthfully answer that allegation."[19]

In reply, VEC reiterates that the issue before the Court is whether VEC owns the refining facility in Meraux, Lousiana, and there are no documents in the record disputing VEC's claim–supported by the affidavit of Mr. Gilbert–that it does not own the refining facility. Further, VEC notes in its reply that "in an attempt to resolve any suggested ambiguity in its Answer, VEC and Valero Refining-Meraux LLC will move next week to amend their Answers to clearly [state] the ownership of the Refinery."[20] Accordingly, VEC filed an amended answer on March 14, 2013 stating that "Valero Refining-Meraux LLC admits [] that it is the owner and operator of the Valero refining facility in Meraux, Louisiana."[21]

### III. Motion for Summary Judgment Standard

Summary judgment is appropriate when the pleadings, discovery, disclosure materials, and affidavits on file show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[22] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence but refrains from making credibility determinations or weighing the evidence."[23] All reasonable inferences are drawn in favor of the nonmoving party,

---

[19] *Id.* at p. 4.

[20] Rec. Doc. 19 at p. 3.

[21] Rec. Doc. 21 at p. 4.

[22] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[23] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[24]  If the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[25]

## IV.  Law and Analysis

Under Louisiana law, the personality of a corporation or partnership is distinct from that of its members,[26] and all limited liability companies "shall have the powers, rights, and privileges provided for a corporation."[27]  Furthermore, "no member . . . of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company."[28]  Accordingly, the parent company of the sole member of a limited liability company cannot be liable for the debts of that limited liability company.  Here, VEC is the parent holding company of Valero Marketing, which owns all membership interest in Valero LLC.  Plaintiff has presented no evidence contradicting the affidavit of Mr. Gilbert establishing this corporate structure, and therefore, raises no genuine issue of material fact in dispute.  Plaintiff's emphasis on the fact that Valero LLC has not admitted ownership is irrelevant to the determination of whether VEC owns the refining facility and could therefore be liable for Plaintiff's injuries.  Nevertheless, the Amended Answer filed after submission of the pending motion, confirms that Valero LLC is the owner of the refining facility in Meraux, Louisiana.  Accordingly, no genuine issue of material fact is in dispute that VEC does not

---

[24] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (citation omitted).

[25] *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147-48 (5th Cir. 1992).

[26] La. C. C. art. 24.

[27] La. Rev. Stat. § 12:1303.

[28] La. Rev. Stat. § 12:1320.

own or operate the refining facility in Meraux, Louisiana and cannot be liable for any debts of the owner and operator of the refining facility.

### V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment[29] is **GRANTED**, and Plaintiff's claims against VEC are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, on this __20th__ day of June, 2013.

          **NANNETTE JOLIVETTE BROWN**
          **UNITED STATES DISTRICT JUDGE**

---

[29] Rec. Doc. 12.